IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MANAGEMENT REGISTRY, INC., d/b/a MALONE WORKFORCE SOLUTIONS,<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and to provide appropriate relief to Charging Party Barbara Buzbee and a class of other female workers aggrieved by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions violated Title VII when it subjected Buzbee and other female employees at the company's Omaha, Nebraska office to a sexually hostile work environment, when it retaliated against Buzbee because of her opposition to the harassment, and when its harassment and retaliation caused Buzbee's constructive discharge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Management Registry, Inc. d/b/a Malone Workforce Solutions, has continuously been a Kentucky corporation doing business in the State of Nebraska and the City of Omaha, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Buzbee filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

8. On July 31, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On November 25, 2024, the Commission issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions is a staffing services business with an office in Omaha, Nebraska.

14. Upon information and belief, Defendant has employed approximately 30-40 individuals at its Omaha office since June 2021.

15. Barbara Buzbee worked as a Recruiting Assistant in Defendant's Omaha office from approximately January 4, 2022, through February 11, 2022.

16. Before, during, and after Buzbee's employment, male employees openly engaged in sexual and sex-based derogatory comments and conduct in the presence of Buzbee and other female employees.

17. Such comments included but were not limited to discussions regarding sexual encounters and sexual intercourse; discussions of nude photographs of sexual partners; sexual jokes; comments about the appearances and bodies of female employees, clients, and women in general; open, boisterous discussions about pornographic websites; and calling women, including Buzbee, "bitches".

18. Male employees engaged in this conduct in the presence of supervisors, and at least one male supervisor also engaged in the harassing comments and conduct.

19. Buzbee and one or more other female employees were subjected to the harassing conduct on a daily or near-daily basis.

20. Buzbee and one or more other female employees found the harassing conduct to be so intimidating, offensive, and abusive that it affected their ability to perform their job duties and / or altered the terms and conditions of their employment.

21. Buzbee and at least one other female employee complained to supervisors about the harassing conduct, but the supervisors failed or refused to stop the conduct.

22. After Buzbee complained about the harassing conduct, her immediate supervisor began to increasingly criticize and nitpick her work, and her male coworkers began excluding her from their team and gave her less work.

23. After Buzbee complained again about the harassing conduct, her supervisor placed her on a "performance improvement plan", even though other employees with similar experience and performance were not placed on such plans.

24. Buzbee was so discouraged and distressed from the retaliation and continuing harassment that she was forced to quit her job with Defendant.

## STATEMENT OF CLAIMS

### COUNT I
### SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. Since June 2021, Defendant engaged in unlawful employment practices at its office in Omaha, Nebraska in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when it subjected female employees, including Buzbee, to a hostile work environment based on sex.

27. The effect of the practices complained of in paragraphs 13 through 24 above has been to deprive female employees at Defendant's Omaha, Nebraska office, including Buzbee, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

28. The unlawful employment practices complained of in paragraphs 13 through 24 above were intentional.

29. The unlawful employment practices complained of in paragraphs 13 through 24 above were done with malice or with reckless indifference to the federally protected rights of female employees, including Buzbee.

30. As a direct and proximate result of Defendant's unlawful conduct, female employees, including Buzbee, suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT II
## RETALIATION – TERMS AND CONDITIONS OF EMPLOYMENT

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. In or around January and February, 2022, Defendant engaged in unlawful employment practices at its office in Omaha, Nebraska in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it subjected Buzbee to discriminatory terms and conditions of employment in retaliation for her opposition to sex discrimination.

33. The effect of the practices complained of above has been to deprive Buzbee of equal employment opportunities and otherwise adversely affect her status as an employee in retaliation for her opposition to sex discrimination.

34. The unlawful employment practices complained of in paragraphs 13 through 30 above were intentional.

35. The unlawful employment practices complained of in paragraphs 13 through 30 above were done with malice or with reckless indifference to Buzbee's federally protected rights.

36. As a direct and proximate result of Defendant's unlawful conduct, Buzbee suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT III
## SEX DISCRIMINATION AND / OR RETALIATION – CONSTRUCTIVE DISCHARGE

37. Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. In or around February, 2022, Defendant engaged in unlawful employment practices at its office in Omaha, Nebraska in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e -3(a) when it caused Buzbee's constructive discharge.

39. The effect of the practices complained of above has been to deprive Buzbee of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and in retaliation for her opposition to sex discrimination.

40. The unlawful employment practices complained of in paragraphs 13 through 36 above were intentional.

41. The unlawful employment practices complained of in paragraphs 13 through 36 above were done with malice or with reckless indifference to Buzbee's federally protected rights.

42. As a direct and proximate result of Defendant's unlawful conduct, Buzbee suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that the Court:

A. Grant a permanent injunction enjoining Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to a hostile work environment because of sex.

B. Grant a permanent injunction enjoining Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to discriminatory terms and conditions of employment because of sex.

C. Grant a permanent injunction enjoining Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to discriminatory terms and conditions of employment in retaliation for their opposition to sex discrimination.

D. Order Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions to make Buzbee whole by providing appropriate backpay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions to make Buzbee and a class of other aggrieved female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including transportation costs for job searches and other expenses, in amounts to be determined at trial.

G. Order Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions to make Buzbee and a class of other aggrieved female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional distress, pain and suffering, anxiety, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

H. Order Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    I.    Grant such further relief as the Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/ Lauren W. Johnston*
LAUREN W. JOHNSTON, 22341 (OK)
Assistant Regional Attorney
Oklahoma Area Office
215 Dean A. McGee Ave., Ste. 524
Oklahoma City, OK 73102
Phone: (405) 666-0379
Email: lauren.johnston@eeoc.gov

ANDREA G. BARAN, 46520 (MO)
Regional Attorney
JOSHUA M. PIERSON, 65105 (MO)
Assistant Regional Attorney
LAUREN M. WILSON, 1024850 (FL)
Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905

              Kansas City, KS 66101
              Phone: (913) 359-1813
              Email: andrea.baran@eeoc.gov
                 joshua.pierson@eeoc.gov
                 lauren.wilson@eeoc.gov