IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

MANAGEMENT REGISTRY, INC.,

Defendant.

**8:25CV432**

**ORDER**

This matter comes before the court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Compel. (Filing No. 33). The EEOC moves to compel Defendant Management Registry, Inc. d/b/a Malone Workforce Solutions ("Malone") to fully respond to Interrogatory No. 2 and Request for Production No. 2 as it relates to female employees. For the following reasons, the motion is granted.

## I. BACKGROUND

The EEOC brings this Title VII action on behalf of Barbara Buzbee and a class of other female employees who worked at Malone's Omaha, Nebraska office. The Complaint alleges that male employees at the Omaha location openly engaged in sexual and sex-based derogatory comments and conduct in a shared workspace, that this conduct occurred "before, during, and after" Buzbee's employment from January to February 2022, and that it created a hostile work environment "since June 2021" in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). (Filing No. 1, at paras. 16, 26).

During discovery, the EEOC served written discovery on Malone, including Interrogatory No. 2 and Request for Production No. 2, seeking the identity and contact information, along with human resource and payroll data, of every person who worked at the Omaha office from January 1, 2019, to the present. (Filing No. 30-2, at p. 2; Filing No. 30-3, at pp. 2-3). Malone agreed to produce that information for female employees from June 1, 2021, through July 31, 2024, but objected to producing information for male employees at all, and for any employee outside that window, as overbroad, disproportionate, and outside the scope of the pleaded claims and the EEOC's administrative process. (Filing No. 30-2, at p. 2; Filing No. 35, at pp. 1-4).

The parties raised the dispute at a telephonic discovery dispute conference on June 25, 2026, after submitting written position statements and supporting materials. (Filing No. 29, Filing No. 30). Following argument on the record, the court gave Plaintiff leave to file a motion to compel limited to Interrogatory No. 2 and Request for Production No. 2. (Filing No. 29). As filed, the motion seeks to compel Malone's response only as to female employees from January 1, 2019 through the present and does not seek to compel production of information related to male employees. (Filing No. 33, at p. 2; Filing No. 34).[1] Plaintiff argues the requested information is relevant to identifying potential class members and witnesses to the alleged harassment, as well as to establishing Defendant's notice of the conduct alleged. (Filing No. 34). Malone opposes the motion, arguing the requested discovery exceeds both the temporal scope of the pleaded claims and the scope of the EEOC's administrative process, and is neither relevant nor proportional to any case-specific need. (Filing No. 35).

[1] The EEOC originally sought relevant information for all employees, male and female, from January 2019 to present. The EEOC argued that male employees were relevant as eyewitnesses to the alleged conduct and as comparators for the sex-based comments at issue. The court questioned that request, noted that it was not limited to any particular employees, and warned that any motion to compel must explain why it did not amount to a fishing expedition under *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012). (Filing No. 29, Filing No. 31). In this motion, the EEOC seeks only to compel additional information regarding female employees and therefore the court will consider the request for male employees as resolved.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts construe relevance broadly at the discovery stage, but discovery's scope is not unlimited: a court may limit discovery it determines is disproportionate to the needs of the case even absent a motion to do so. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018). Discovery is not a means "to find out if [a party] has any basis for a claim." It exists to help a party prove a claim it reasonably believes to be viable. *Id.* at 747.

The EEOC may not use discovery as a fishing expedition to uncover new claims or new parties beyond those its pre-suit investigation already identified, when that investigation covered only a narrow geography, few claimants, or narrow claims. *See E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 675 (8th Cir. 2012) (*citing EEOC v. Target Corp*., No. 02-C-146, 2007 WL 1461298 (E.D. Wis. May 16, 2007)). The Eighth Circuit has drawn "a clear and important distinction between facts gathered during the scope of an investigation and facts gathered during the discovery phase of an already-filed lawsuit." *Id.* (internal quotations omitted). In *CRST*, the EEOC sued on behalf of an unspecified class of female employees and used discovery to build that class from scratch, sending 2,000 solicitation letters, then 730 more, adding names throughout the litigation. *Id.* at 669. The court rejected that approach, warning that an undefined class exposes a defendant to "a continuously moving target of allegedly aggrieved persons" and "the risk of never-ending discovery." *Id.*

But, the Eighth Circuit has also explained that the EEOC need not identify each member of an alleged group of victims at the pleading stage. *See EEOC v. BNSF Ry. Co.*, 150 F.4th 948, 962 n.2 (8th Cir. 2025).[2] In that case, the court recognized that it is imperative the EEOC provide some indication in its pleadings as to the scope of the class

[2] Malone does not dispute this point. (Filing No. 35). The EEOC briefed it only because the court asked it to at the discovery dispute conference. (Filing No. 34, Filing No. 36). Because the parties agree on this point, the court need not separately resolve it here.

or group, but "it may be impossible for the EEOC to know the names of all individuals potentially discriminated against." *Id.* (*quoting EEOC v. Fed. Rsrv. Bank of St. Louis*, 84 F.R.D. 337, 340 (W.D.Tenn. 1979)). Later discovery that further defines a class the plaintiff has already identified by geography, position, and time is not, by itself, a fishing expedition. *Id*. at 960-61. The distinction turns on whether discovery is relevant to further evaluating the scope of a class the plaintiff has already identified by specific identified conduct or instead reaches an undefined class without regard to role or connection to that conduct. *See also Mach Mining, LLC v. EEOC*, 575 U.S. 480, 488 (2015) (holding that the "manageable standard" for notice to an employer pre-suit requires adequate notice of the "alleged unlawful practice," that is the EEOC "must tell the employer about the claim — essentially, what practice has harmed which person or class[.]").

## III. ANALYSIS

The only issue before the court is whether the EEOC is entitled to employee information for female employees before June 1, 2021, and after July 31, 2024, outside the window Malone has already agreed to produce. The court addresses those timeframes separately.

1. *Before June 1, 2021*

The EEOC seeks to identify female employees who worked at Malone's Omaha, Nebraska facility from January 1, 2019, to the present, arguing that such evidence is relevant to identifying those who may have witnessed or reported alleged misconduct. An employer may be liable under Title VII if the evidence shows it knew, or should have known, of harassment and failed to address it. *See Sandoval v. Am. Bldg. Maint. Indus., Inc*., 578 F.3d 787, 801 (8th Cir. 2009). This may also include situations where the employer should reasonably have anticipated the harassment and did nothing to stop it. *Id.* (noting that "Title VII adopts ordinary tort principles of negligence" and "an employer may be negligent although it did not have actual notice if it reasonably should have anticipated the harassment, i.e., if it had constructive notice."). Evidence of harassment involving or

reported by other employees may be relevant to that issue. The Eighth Circuit has held that excluding this kind of evidence may be error because it is highly probative of the workplace environment the employer allowed and whether the employer should have discovered the harassment sooner. *Id.* at 802-803.[3] Courts take a similar approach to hostile work environment evidence generally. In particular, courts have examined those claims as a whole, including conduct the plaintiff did not personally witness. Background information from within the claim period may be discoverable, even where it reaches beyond the particular time period in question. *See Kirksey v. Oriental Trading Co., Inc.*, No. 8:24CV268, 2025 WL 2207873, at *3 (D. Neb. Aug. 4, 2025) (*citing Ellis v. Houston*, 742 F.3d 307, 319-21 (8th Cir. 2014)).

Here, the EEOC does not seek information about unrelated conduct at another Malone location. It instead seeks information tied to specific named harassers at the same Omaha office where Buzbee and the other claimants worked. (Filing No. 30, at p. 2; Filing No. 36, at p. 2). The parties dispute what the analysis in the *Kirksey* case may mean here. Malone represents that the *Kirksey* plaintiff sought discovery only for the period he worked at the facility and reads the opinion to confirm that discovery must remain within the pleaded harassment period. (Filing No. 35, at p. 6). The court disagrees. In *Kirksey,* the court compelled a facility-wide request for harassment and discrimination survey records reaching back more than four years before the complaint was filed, precisely because such evidence may bear on whether the employer knew or should have known of the harassment and failed to act. *Kirksey*, 2025 WL 2207873, at *3. *Kirksey* supports the EEOC's position here. The EEOC represents that Malone employed four alleged harassers and supervisors before June 2021, one dating back to October 2018. (Filing No. 36, at p. 2, Filing No. 33, at p. 2). Evidence of their conduct before June 2021, and Malone's knowledge of and

---

[3] A dissenting judge cautioned, however, against treating complaints from unrelated employees at unrelated sites as notice of harassment elsewhere. *Id.* at 804-805 (Gruender, J., concurring in part and dissenting in part).

response to it, bears directly on whether Malone had actual or constructive notice of the harassment once the actionable period began. *Sandoval*, 578 F.3d at 801-802.

Malone's additional arguments against disclosure are also unavailing. Malone argues for example that any discovery should be limited exclusively to the allegations contained in the complaint, that being male employees harassed coworkers in the presence of supervisors and that one supervisor personally participated. (Filing No. 1, at para. 18; Filing No. 35, at p. 7). If proven, that allegation may establish what the supervisor personally saw or did, but it says nothing about harassment that predates the actionable period. That is a separate factual question bearing on liability for the harassment actually at issue, and one known instance of misconduct does not resolve whether Malone was aware of a broader pattern. Malone further argues that employees who worked at Malone before 2021 could not have witnessed the alleged conduct, since the harassment did not begin until 2021. But the Complaint does not fix 2021 as the start of the conduct. June 2021 simply marks the start of the actionable period under the 300-day charge-filing rule. 42 U.S.C. § 2000e-5(e)(1). Employees who worked alongside the four identified harassers before that date may have witnessed the same conduct the EEOC now alleges and are proper subjects of discovery on that basis as well.

In summary, the court finds that the EEOC's discovery request, including for information from January 1, 2019 to May 31, 2021 is relevant and appropriately limited in scope. Indeed, the earliest identified harasser's tenure reaches back to October 2018, which of course predates the time period the EEOC actually seeks. Therefore, the requested window falls entirely within the period the EEOC's own showing justifies and the court sees no basis to narrow it further. Malone shall produce the same categories of information already agreed to for June 1, 2021 through July 31, 2024, for the additional period January 1, 2019 through May 31, 2021.

2. *After July 31, 2024*

The EEOC also seeks to identify female employees who worked at Malone's facility after July 31, 2024, arguing that such evidence bears on the scope of the class it may ultimately pursue and on Malone's knowledge of, and response to, harassment that continued after its Letter of Determination issued.

Administrative prerequisites like the Letter of Determination define the notice an employer receives before litigation begins, but they do not limit what information is discoverable once litigation is underway. As the Eighth Circuit explained, "the employer may, by discovery and other pretrial proceedings, determine the nature and extent of the claims that the EEOC intends to pursue against it." *BNSF*, 150 F.4th at 961 (*quoting Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980)). Malone argues otherwise. It contends that its administrative process, and specifically the Letter of Determination, caps the temporal scope of discoverable claims. (Filing No. 35, at pp. 3-4). The court disagrees. Malone's argument goes to what the EEOC may ultimately recover, not what information is discoverable now. That question belongs to a dispositive motion, not a motion to compel.

The Complaint alleges ongoing harassment. (Filing No. 1, at paras. 16-21, 26). The EEOC represents that at least one individual identified during its investigation as a harasser remained employed after July 31, 2024. (Filing No. 36, at p. 2). Information about female employees during that period is therefore discoverable on two grounds. First, it bears on the scope of the class the EEOC may ultimately pursue. Second, it speaks to Malone's knowledge of, and response to, harassment that, according to the EEOC's allegations, did not stop when the investigation concluded. *See EEOC v. BNSF Ry. Co.*, No. 8:21-CV-369, 2022 WL 22812292, at *4 (D. Neb. Apr. 15, 2022) (declining to limit the hostile work environment claim's temporal scope prior to discovery because discovery may reveal whether conduct is "part and parcel" of the same unlawful practice). The court therefore finds that the EEOC's discovery request for the period after July 31, 2024 is relevant and appropriately limited in scope. Malone shall produce the same categories of information

already agreed to for June 21, 2021 through July 31, 2024, for the additional period of August 1, 2024 through the present.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel, Filing No. 33, is granted. Malone shall have thirty (30) days to supplement its responses to Interrogatory No. 2 and Request for Production No. 2 as it relates to female employees for the additional periods January 1, 2019 through May 31, 2021, and August 1, 2024 through the present.

Dated this 2nd day of September, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge